# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOE ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:14CV01124 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant=s motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion will be denied.

Following a jury trial, movant was found guilty of possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846. On October 30, 1998, movant was sentenced to 380 months= imprisonment. *United States v. Robinson*, 4:97-CR-259-ERW (E.D. Mo.). On direct appeal, the United States Court of Appeals for the Eighth Circuit affirmed.

In the instant action, movant claims that the recent Supreme Court case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), should be retroactively applied to

reduce his sentence. Movant claims that the trial court, rather than the jury, increased his sentence and that this is unlawful under the holding of *Alleyne*.[1]

Movant's argument is without merit. The Supreme Court resolved *Alleyne* on direct, rather than collateral review, and it did not declare that its new rule applied retroactively on collateral attack. *Alleyne* enunciates a rule of constitutional law. "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, **pending on direct review or not yet final**, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (emphasis added). Generally, new constitutional rules of criminal procedure are not applied to cases being considered on collateral review, such as the case at bar. *See Teague v. Lane*, 489 U.S. 288, 303 (1989). Two exceptions to this rule, however, permit the retroactive application of a new rule when: 1) the rule places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense; or 2) the rule announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and

---

[1] In *Alleyne*, the Supreme Court held that because mandatory minimum sentences increase the penalty for the crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury.

accuracy of the criminal proceeding.@ *In re Carl Green*, 144 F.3d 384, 386 (6th Cir. 1998), *citing Caspari v. Bohlen*, 510 U.S. 383, 396 (1994). This Court finds that *Alleyne* does not fall within either of these exceptions and declines to apply *Alleyne* in movant's § 2255 proceeding.[2] *See Hart v. U.S.*, 2014 WL 1910270 at *3 (E.D. Mo. 2014) (*Alleyne* does not fall within either of the two exceptions to *Teague*); *Santana v. U.S.*, 2014 WL 636437 at *2 (E.D. Mo. 2014) (same); *Schoultz v. U.S.*, 2013 WL 6512657 at *2-4 (D.S.C. 2013) (same; *Alleyne* is not a watershed case that will apply retroactively to cases on collateral review).

Accordingly,

**IT IS HEREBY ORDERED** that movant=s motion to vacate, correct or set aside his sentence brought pursuant to 28 U.S.C. § 2255 is **DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 8th day of July, 2014.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**

---

[2]*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Simpson v. U.S.*, 721 F.3d 875, 876 (7th Cir. 2013). The Justices of the Supreme Court have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *Id.* at 876 (declining to apply *Alleyne* retroactively on collateral review); *Schriro v. Summerlin*, 542 U.S. 348 (2004).